UNITED STATES OF AMERICA,

       Plaintiff,

v.

JONATHAN C. COPELAND,
    also known as "Jonathan A. Perry,"
    also known as "Blake,"

       Defendant.

Case No. 19-CR-102

[21 U.S.C. §§ 841(a)(1) & (b)(1)(B);
18 U.S.C. §§ 924(c), 922(g)(1) &
924(e)(1)]

## INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1. On or about April 23, 2019, in the State and Eastern District of Wisconsin,

**JONATHAN C. COPELAND**

knowingly and intentionally possessed with intent to distribute controlled substances.

2. The offense involved 100 grams or more of a mixture and substance containing heroin, a Schedule I controlled substance; 40 grams or more of a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance; a mixture and substance containing cocaine, a Schedule II controlled substance; and marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about April 23, 2019, in the State and Eastern District of Wisconsin,

**JONATHAN C. COPELAND**

knowingly possessed a firearm in furtherance of a drug trafficking crime, namely possession with intent to distribute controlled substances, as charged in Count One of this indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.  On or about April 23, 2019, in the State and Eastern District of Wisconsin,

**JONATHAN C. COPELAND,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms.

2.  The firearms are more fully described as follows:

    a. a Smith & Wesson, model SW40GVE, .40 caliber semi-automatic pistol, bearing serial number DTB0426; and

    b. a Taurus, model G2C, 9mm semi-automatic pistol, bearing serial number TLN18871.

3.  Prior to the defendant's possession of the firearms, the firearms had been transported in interstate and foreign commerce, the possession of which was therefore in and affecting commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1).

# FORFEITURE NOTICE

1.  Upon conviction of the controlled substance offenses alleged in Count One of this Indictment, the defendant shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

    a. A personal money judgment in an unspecified amount, representing the amount of unseized proceeds obtained as a result of the controlled substance offense set forth in Count One;

    b. Approximately $6,005 in U.S. currency recovered from 3XXX N. 62nd Street, Milwaukee, Wisconsin, on April 23, 2019;

    c. a silver Breitling diamond crested watch;

    d. a gold necklace with a gold baby angel pendant with diamonds;

    e. a gold necklace with a gold diamond pendant with a male's face engraved on it; and

    f. a pair of diamond earrings.

2.  If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of

substitute property, pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL:

FOREPERSON
Date: 6/4/19

6/4/19

*[signature]*
MATTHEW D. KRUEGER
United States Attorney