UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 19-CR-102-JPS |
| JONATHAN C. COPELAND, | **ORDER** |
| Defendant. | |

1. **INTRODUCTION**

Before the Court is Defendant Jonathan C. Copeland's ("Defendant") motion for compassionate release. ECF No. 56. Upon consideration thereof, along with the Government's response, ECF No. 59, and Defendant's reply, ECF No. 61, the Court will deny the motion.[1]

2. **PROCEDURAL HISTORY**

In June 2019, Defendant was indicted on charges of possession with intent to distribute controlled substances containing heroin, cocaine, fentanyl, and marijuana; possession of a firearm in furtherance of drug trafficking; and possession of a firearm as a felon. ECF No. 1. He entered a plea of guilty to the count of possession with intent to distribute and appeared before the Court in December 2021 for sentencing. ECF Nos. 17, 33. The Court sentenced him to a below-guidelines sentence of sixty-four (64) months' imprisonment and, in acknowledgment of his asserted "medical needs," recommended that he be considered for incarceration at

---

[1]Defendant also, in passing, requests appointment of counsel to assist him in seeking compassionate release. ECF No. 56 at 15. The Court will deny that request as moot.

Federal Medical Center Rochester. ECF No. 34 at 2; ECF No. 45 at 2.² He is now 62 years old, currently incarcerated at Florence FCI, and has a projected release date of November 5, 2025. *See Inmate Locator*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited July 18, 2024). To date, he has served nearly thirty-one months of his total sixty-four month sentence.

2. **LEGAL STANDARD**

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).³ There must be "extraordinary and compelling reasons warrant[ing] such a reduction." *Id.* § 3582(c)(1)(A)(i).

Section 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission" (the "Commission"). *See also United States v. Black*, No. 05 CR 70-4, 2024 WL 449940, at *4 (N.D. Ill. Feb. 6, 2024) ("Congress directed the . . . Commission, in policy statements, to 'describe what should be considered extraordinary and compelling reasons for sentence

---

²This sentence reflected a downward adjustment from the ninety-six (96) month sentence that the Court would have otherwise imposed to ensure that Defendant received a credit of thirty-two (32) months toward his federal sentence that the Bureau of Prisons would not have otherwise credited under 18 U.S.C. § 3585(b). ECF No. 45 at 3.

³The Government concedes that Defendant satisfied the exhaustion requirement, so the Court discusses that aspect of the analysis no further. ECF No. 59 at 4.

reduction, including the criteria to be applied and a list of specific examples.'") (quoting 28 U.S.C. § 994(t)).

In 2020, the Seventh Circuit held that the relevant policy statement, U.S.S.G. § 1B1.13, was inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("Section 1B1.13 addresses motions and determinations of the Director, not motions by prisoners. In other words, the . . . Commission has not yet issued a policy statement 'applicable' to [a prisoner's] request."). Therefore, because there was no applicable policy statement, the Seventh Circuit explained that courts have discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement.").

However, November 1, 2023 amendments to § 1B1.13 clarify that, in addition to "expand[ing] the list of specified extraordinary and compelling reasons that can warrant sentence reductions," "the applicability of the policy statement [is extended] to defendant-filed motions . . . ." U.S. SENT'G COMM'N, *Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index 7*, *available at* https://perma.cc/P7TS-LMXQ (last visited July 18, 2024). Thus, it appears that the Seventh Circuit's prior determination of inapplicability of the policy statement will change. *See United States v. Thacker*, 4 F.4th 569, 573 (7th Cir. 2021) ("[U]ntil the . . . Commission updates its policy statement to reflect prisoner-initiated compassionate release motions, district courts have broad discretion to determine what else may constitute 'extraordinary and compelling reasons'

warranting a sentence reduction.") (citing *Gunn*, 980 F.3d at 1180–81) (emphasis added).

Nonetheless, the distinction is ultimately academic. Courts retain discretion under the "catchall" provision of § 1B1.13 to find "any other circumstance or combination of circumstances" that are "similar in gravity" to those specifically enumerated in § 1B1.13 to be extraordinary and compelling bases for release. U.S. SENT'G COMM'N, *Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index* 3, 7 (referring to § 1B1.13(b)(5) as a "catchall" provision); *cf. Gunn*, 980 F.3d at 1180 (holding, prior to November 1, 2023 amendments, that "[t]he substantive aspects of the . . . Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused") (citing *Gall v. United States*, 552 U.S. 38, 49–50 (2007) and *Kimbrough v. United States*, 552 U.S. 85 (2007)).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A).

3. **LAW & ANALYSIS**

   3.1 **Extraordinary and Compelling Reason**

As grounds for his motion, Defendant avers that he suffers from various medical conditions that are not being properly addressed by the BOP, many of which Defendant concedes the Court was aware at the time of sentencing. ECF No. 56 at 5. He also points to the fact that the Court recommended that he be considered for placement at Federal Medical Center Rochester but that he is instead incarcerated at Florence FCI, which

is not a designated medical facility. *Id.* He represents that he suffers from osteoarthritis, arm and shoulder pain, right cervical radiculopathy, lumbar radiculopathy, rotator cuff tear sciatica, allergic rhinitis, eczema, gastroesophageal reflux disease, hyperkeratosis, onychomycosis (nail fungus), obstructive sleep apnea, chronic back pain, degenerative disc disease, and shoulder tendonitis. *Id.* at 6. He represents that he is in constant pain and cannot provide adequate self-care while incarcerated. *Id.* He attests that his pain sometimes prevents him from getting out of bed, standing, sitting, or walking for extended periods of time, and that his cellmate has to assist him with tasks such as putting on socks and shoes. *Id.* at 7. He also represents that he is currently suffering from "Long-COVID" which leaves him fatigued, short of breath, and feeling generally unhealthy. *Id.* at 8.

In response, the Government asserts that Defendant's extensive allegations as to his medical condition are not borne out by his medical records. ECF No. 59 at 3, 7–8 ("[S]ince entering BOP custody in 2022 . . . , at no point, despite multiple opportunities, has [Defendant] lodged complaints with medical staff regarding most of the issues he complains of . . . and at no medical visit has he complained of nor [been] observed . . . being in extreme pain."). The Government also contends that Defendant's medical needs "are being met" in the prison setting. *Id.* at 3.

Indeed, although Defendant represents having been diagnosed with various ailments, some of these claims are not entirely supported, or are contradicted outright, by his medical records. For example, notwithstanding his attestations of long COVID and shortness of breath, his medical records reflect that he repeatedly denied respiratory problems, and they explicitly reflect a denial of "[s]hortness of [b]reath." ECF No. 59-1 at

Page 5 of 11
Case 2:19-cr-00102-JPS   Filed 07/18/24   Page 5 of 11   Document 62

15, 21, 27, 46; ECF No. 59-2 at 26. Despite his claim of allergic rhinitis, his records consistently reflect that he has denied having allergies. ECF No. 59-1 at 15, 21, 27, 43. And notwithstanding his claim of fatigue associated with long COVID, his medical records reflect a denial of that symptom. *Id*. at 33 (denying that he suffers from "[c]hills," "[f]atigue," "[f]ever," or being "[e]asily [t]ired"). Additionally, while Defendant professes to have experienced a rotator cuff tear, his prison medical records reflect "no evidence of rotator cuff tear." *Id.* at 76; *but see id.* at 29 (reporting "rotator cuff pain") and ECF No. 28 at 23.

Defendant's representation—as well as that of his cellmate, ECF No. 56-1 at 3—that he has been having trouble walking, standing, and sitting for extended periods of time, as well as difficulty with tasks such as getting out of bed, are similarly not borne out by his medical records. A record from May 2024 reflects that Defendant demonstrated no difficulty walking to and from his cell and that he ambulated down a flight of stairs without apparent issue. ECF No. 59-3 at 1. It noted further that his gait was within normal limitations, that he appeared steady on his feet, and that his strength appeared normal for his age. *Id*. That record also represented that Defendant is "generally healthy and requires minimal interaction with the medical department." *Id.*

The Court is constrained to "base [its] factual conclusions on record evidence; [it] cannot render unsupported medical opinions." *United States v. Newton*, 996 F.3d 485, 490 (7th Cir. 2021). Defendant essentially asks the Court to disregard his prison medical records and conclude that he has demonstrated an extraordinary and compelling medical need for release; the Court cannot do so.

Nor do Defendant's medical records appear to support his claim that the BOP is insufficiently treating him. Defendant had been prescribed Nortriptyline for his sciatica, and this medication was only discontinued because Defendant expressed that he no longer wanted to take it. ECF No. 59-1 at 5, 14. He has received physical therapy resulting in improved range of motion with respect to his arm and shoulder pain, as well as epidural steroid injections. *Id*. at 76–77. For his onychomycosis (nail fungus), he was prescribed medication. *Id.* at 77. He received dental care promptly upon his request. *Id.* at 81–82; ECF No. 59-2 at 29–34, 37. It appears that Defendant's medical and dental care has been adequate. In any event, "to the extent that [Defendant] challenges the . . . medical care at [his correctional institution] more generally, a compassionate-release motion is not the right vehicle." *United States v. Miller*, No. 21-1600, 2022 U.S. App. LEXIS 16688, at *4 (7th Cir. June 16, 2022) (citing *United States v. Bridgewater*, 995 F.3d 591, 599 (7th Cir. 2021)).

Defendant's medical records do support his claims of experiencing back and rotator cuff pain, eczema, sciatica, and gastroesophageal reflux disease. They also, to some extent, substantiate his claim of sleep apnea. *But see* ECF No. 59-1 at 78 (noting that two sleep studies were undertaken but returned inconclusive results); ECF No. 59-2 at 25. But even taken together, in conjunction with Defendant's advanced age, those conditions do not equate to an extraordinary and compelling circumstance warranting the sentence reduction that Defendant seeks. The Court cannot conclude that the medical conditions that Defendant is experiencing "substantially diminish[] [his] ability . . . to provide self-care" in the correctional facility environment. U.S.S.G. § 1B1.13(b)(1)(B). Nor does it appear that "[t]he defendant is suffering from a medical condition that requires long-term or

specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

Nor is Defendant's complaint regarding his place of confinement an extraordinary and compelling reason justifying the sought reduction. The Court's recommendation that the BOP consider placing Defendant at Federal Medical Center Rochester for incarceration was just that—a recommendation. ECF No. 34. It was not a mandate. "While nothing prevents the sentencing judge from making recommendations to the BOP, . . . the designation of the place at which the sentence is to be served remains with the BOP." *Maday v. Pfister*, No. 17 C 7808, 2017 U.S. Dist. LEXIS 228089 (N.D. Ill. Nov. 22, 2017) (quoting *United States v. Hayes*, 535 F.3d 907, 910 (8th Cir. 2008)). Defendant cites to no authority suggesting that the BOP's failure to follow the Court's recommendation as to place of confinement can constitute an extraordinary and compelling reason warranting release.

### 3.2 The § 3553(a) Factors

Having determined that Defendant has not presented an extraordinary and compelling reason warranting release, the Court is not required to consider the § 3553(a) factors. *See Thacker*, 4 F.4th at 576 ("*Upon a finding* that the prisoner has supplied [an "extraordinary and compelling"] reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) . . . .") (emphasis added). However, even if Defendant had demonstrated an extraordinary or compelling reason, the Court's application of the sentencing factors to Defendant counsel against early release.

The § 3553(a) factors include the following: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

In this case, Defendant knowingly possessed and intended to distribute multiple controlled substances while simultaneously possessing a firearm as a felon. ECF No. 17 at 13; ECF No. 28 at 5. Although Defendant accepted responsibility and expressed regret for his actions, ECF No. 28 at 6, the underlying offense was just the latest in a lifelong criminal history. Defendant's extensive criminal history, dating back to his early teenage years, involved battery, theft, disorderly conduct, burglary, possession of a controlled substance, obstruction of justice, obstructing an officer, bank larceny, possession of contraband in prison, possession with intent to deliver controlled substances, receiving stolen property, and escape from incarceration, among other offenses. *Id.* at 6–17; *id.* at 29 ("[Defendant] has an extensive criminal history and is considered a career offender . . . ."). The criminal history portion of the revised presentence investigation report in this matter reflects a consistent disregard of and disrespect for the law, as well as for the property and well-being of others. His expression of regret for the conduct underlying the underlying offense of conviction is difficult to reconcile with his repeated failure to conform his conduct to the requirements of the law.

Defendant has conceded that his continued involvement in drugs and drug trafficking is somewhat inexplicable. ECF No. 28 at 25 ("[H]e cannot understand why at his age he is still choosing to use drugs when he

is completely aware that they are killing him or leading him into trouble."). Prematurely releasing Defendant from his term of incarceration would not aid him in his continued journey with sobriety. Nor would it promote respect for the law, given Defendant's above-described repeated disregard thereof. *See* ECF No. 43 at 18–19 (sentencing transcript) ("[Y]ou, in spite of all of your challenges in life, have learned precious, precious, precious little about the reality of what it is to have respect for the law as an institution."). Regrettably, almost every time that Defendant found himself outside of the custodial setting, he squandered the opportunity to remain on the outside. *Id.* at 19 ("[T]here have been very few sentences that were imposed that were of any significance that you weren't revoked on, which is very telling."). His many, many experiences with the criminal justice system have apparently been, thus far, insufficient to deter him from continued criminal activity—including from criminal activity involving pernicious controlled substances and firearms that put the community at large at risk. The Court needs "just one good reason for denying a compassionate-release motion," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022) (citing *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021)), but in this case, it has many. It will therefore deny Defendant's motion.

4.  **CONCLUSION**

The Court commends Defendant on his rehabilitation efforts and sympathizes with his extremely difficult upbringing. ECF No. 56 at 10. Nevertheless, the Court must conclude that he has not demonstrated an extraordinary and compelling reason warranting compassionate release. Moreover, the § 3553(a) factors do not support release at this juncture. Therefore, the Court will deny Defendant's motion for compassionate release. The Court will also grant the Government's motion to seal its

Page 10 of 11
Case 2:19-cr-00102-JPS   Filed 07/18/24   Page 10 of 11   Document 62

response brief and the attachments thereto, which contain Defendant's medical records. ECF No. 58.

Accordingly,

**IT IS ORDERED** that Defendant Jonathan C. Copeland's motion for compassionate release, ECF No. 56, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendant Jonathan C. Copeland's request for appointment of counsel, ECF No. 56 at 15, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that the Government's motion to seal, ECF No. 58, be and the same is hereby **GRANTED**; the Government's response, ECF No. 59, shall remain **SEALED** pending further order of the Court.

Dated at Milwaukee, Wisconsin, this 18th day of July, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge